690 S.E.2d 579

**In the Matter of Dan M. DAVID, Respondent.**

**No. 26778.**

Supreme Court of South Carolina.

Submitted Jan. 25, 2010.

Decided March 1, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, of Columbia, for Office of Disciplinary Counsel.

Coming B. Gibbs, Jr., Charleston, for Respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to a public reprimand. Respondent also agrees to complete the Legal Ethics and Practice Program (LEAPP) Trust Account School and Ethics School. We accept the Agreement, issue a public reprimand, and require respondent to complete the LEAPP Trust Account School and Ethics School. The facts, as set forth in the Agreement, are as follows.

### *Facts*

For more than twenty years, respondent maintained a client trust account (the Old Account) without keeping accurate records and without proper reconciliation of the account. In 2006, following an audit by respondent's title insurance company, respondent opened a new trust account (the New Account) because he was unable to sufficiently identify the funds in the Old Account or adequately document outstanding disbursements. Although respondent opened and began to use the New Account, he continued to use the Old Account for a significant number of his clients' transactions.

In August 2008, respondent issued approximately twenty-six checks on the New Account when there were not sufficient funds in the account to cover them. When those checks were presented to the bank, reports were submitted by the bank to the Commission on Lawyer Conduct pursuant to Rule 1.15(h), RPC, Rule 407, SCACR. In response to the reports from the bank, and the resulting disciplinary investigation, respondent retained an accountant to assist him in determining the cause of the overdrafts.

In the meantime, respondent began making deposits of his own funds into the New Account to cover what he thought were the remaining outstanding checks. However, because respondent had not adopted appropriate recordkeeping and reconciliation practices upon opening the New Account, his estimate of the total amount of outstanding checks was incorrect. This inaccuracy, coupled with the fact that respondent continued to issue checks on the New Account, resulted in additional overdrafts.

Between August 1, 2008 and October 31, 2008, respondent issued approximately sixty-one checks on the New Account, totaling in excess of $1,147,000, on insufficient funds. According to the results of the audit, the overdrafts on the New Account were caused by several wires of incoming funds being sent erroneously to the Old Account rather than to the New Account. Because respondent was not confirming that his wires were received in the correct account prior to disbursement, he issued checks from the New Account not knowing that the funds were not available.

Respondent had delegated complete control over the law office accounting, including both trust accounts, to a single employee. She was responsible for issuing checks, making deposits, reconciling the accounts, reviewing bank statements, and maintaining records. Respondent gave her a signature stamp and authorized her use of it on trust account checks. She had very little formal accounting education and received no instruction or training from respondent regarding ethical obligations related to client funds. Respondent did not review his bank statements, his financial records, or the employee's reconciliation reports. Over a period of about two years, the employee removed approximately $320,000 from the Old Ac-

count to the firm's operating account, although the firm was not entitled to the funds. Because respondent was not adequately supervising the management of the accounts, respondent was unaware of the transfers until the audit was conducted.

As a result of the audit, respondent has now identified all outstanding checks and created accurate client ledgers. Respondent has confirmed that all outstanding checks have either been paid or have sufficient funds on deposit to cover them. The incorrect wires into the Old Account in August 2008 covered the funds improperly removed from that account to the operating account by respondent's employee. The shortages caused in the New Account by the incorrect wires were restored by deposit of respondent's own funds. Based on the information now available, it does not appear that any clients, third parties, or banks have suffered any losses.

### *Law*

■■ Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.15 (a lawyer shall hold client property in the lawyer's possession in connection with a representation separate from the lawyer's own property; client property shall be identified as such and appropriately safeguarded, with complete records of such account funds and other property kept by the lawyer; a lawyer may deposit the lawyer's own funds in a client trust account for the sole purpose of paying service charges on that account, but only in an amount necessary for that purpose; a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive); Rule 5.1 (a lawyer who possesses managerial authority in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct); Rule 5.3 (a lawyer who possesses managerial authority in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that a nonlawyer employee's conduct is compatible with the professional obligations of the lawyer and a lawyer having direct supervisory authority over the nonlaw-

yer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer); and Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct).

Respondent further admits his misconduct constitutes grounds for discipline under Rule 7(a)(1) of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct). Finally, respondent admits he failed to comply with the recordkeeping requirements of Rule 417, SCACR.

### *Conclusion*

We find respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement and publicly reprimand respondent for his misconduct. Respondent shall also, within one year of the date of this opinion, complete the LEAPP Trust Account School and Ethics School. Finally, respondent shall, within thirty days of the date of this order, pay $502.23, which represents the costs incurred by the Office of Disciplinary Counsel and the Commission on Lawyer Conduct in the investigation and prosecution of this matter.

**PUBLIC REPRIMAND.**